IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RAINELLE N. SCAVELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 2:17cv11-WKW-WC |
| | ) | |
| HELP AT HOME, INC. *et al*, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is *pro se* Plaintiff's Amended Complaint (Doc. 8) in which she alleges that she was terminated due to her "ethnic appearance" and race. On January 12, 2017, the District Judge entered an Order (Doc. 4) referring this matter to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." Thereafter, the undersigned granted Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 2), and ordered her to amend her complaint. Doc. 7. Plaintiff filed an amended complaint within the time frame set forth by the undersigned.

Because Plaintiff has requested leave to proceed *in forma pauperis*, the complaint is before the undersigned for screening pursuant to 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from

such relief." § 1915(e)(2)(B)(i)-(iii). Based upon a careful review of the complaint, the undersigned concludes that Plaintiff has failed to state a claim for discrimination upon which relief could be granted and that, consequently, the complaint is due to be dismissed pursuant to § 1915(e)(2)(B)(ii).

A review of the sufficiency of Plaintiff's complaint for purposes of § 1915(e)(2)(B)(ii) begins with analysis of whether the complaint complies with the pleading standard applicable to all civil complaints in federal courts. *See Thompson v. Rundle*, 393 F. App'x 675, 678 (11th Cir. 2010) (citations omitted) ("A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for relief that is 'plausible' on its face."). Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for

relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are 'merely consistent with' a defendant's liability,' however, are not facially plausible." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Plaintiff's complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e).

In Plaintiff's original complaint, Plaintiff alleged Defendant unlawfully discriminated against her due to her race in violation of Title VII. *See generally* Doc. 1. Plaintiff based her claim upon interactions she had with Defendant's employee, Ms. Deb Chambers. *Id.* According to Plaintiff, Chambers would glare at her, and then would quickly look away when Plaintiff caught her. *Id.* at 4. She also stated that Chambers spoke to her in an unpleasant matter. *Id.* Plaintiff alleged that her employment was terminated

on her third day, and, based upon her interaction with Chambers, she surmised that it was due to her race and hair texture. *Id.*

On April 3, 2017, the undersigned entered an Order (Doc. 7) directing Plaintiff to amend her complaint. That order specifically alerted Plaintiff that the facts she asserted in the original complaint were insufficient to state a Title VII race discrimination claim or to satisfy Rule 8. Doc. 7. Plaintiff amended her complaint within the time frame set forth by the undersigned. However, as set out more fully below, the undersigned concludes, once again, that Plaintiff's complaint, as amended, fails to withstand the scrutiny of Rule 8.

Plaintiff is an African-American female who was employed by Defendant Help at Home, Inc. ("Defendant") for a total of three days. Doc. 8-1 at 1. During her brief employment, Plaintiff states that she was "praised and complimented several times" by her colleagues. *Id*. However, she claims that she was "discriminated against and wrongfully terminated" by Ms. Deb Chambers, a state director of Defendant. Doc. 8 at 2, ¶ 7. Plaintiff alleges that Chambers, who is a white female, "ARBITRARILY decided to terminate" her. Doc. 8-1 at 2. She points to allegations that Chambers "refused to give [her] direct eye contact[,]" glared at her and then "divert[ed] her eyes away when [Plaintiff] caught her[,]" and spoke to Plaintiff "in a manner that was way outside the realm of professional." *Id*. Plaintiff states that when she was terminated from her employment (by someone other than Chambers), she was told by that individual that she did not know why Plaintiff was being terminated other than Chambers directed her to do so. *Id*. Plaintiff surmises that "[p]ower, control and domination are the very crux of systemic White Supremacy[,]" and the "only explanation that makes any sense" for her firing is, presumably, white supremacy and

4

racism. *Id*. Plaintiff beseeches the undersigned to "'read between the lines'" of her complaint to allow her a day in court. *Id*. at 2.

Plaintiff's somewhat rambling factual recitation does not satisfy the specificity requirements of Federal Rule of Civil Procedure 8. Title VII expressly prohibits employer discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C.A § 2000e-2(a)(1). Furthermore, Title VII prohibits adverse employment action, such as improper termination, that occurs as a result of the employee's protected characteristic." *See Stimpson v. City of Tuscaloosa*, 186 F. 3d 1328, 1331 (11th Cir. 1999). "To state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.'" *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)).

Plaintiff's complaint, as amended, does not provide enough factual matter, taken as true, to suggest intentional race discrimination. Specifically, Plaintiff has not alleged facts to indicate that Defendant improperly discriminated against her on account of her race. At most, Plaintiff has alleged that Chambers, presumably Plaintiff's supervisor during her three-day employment, created a working environment that left Plaintiff feeling uncomfortable.[1] Similar to her original complaint, Plaintiff alleges that Chambers would

---

[1] In the order directing Plaintiff to amend her complaint, the undersigned used the term "uncomfortable" to describe the work environment of which Plaintiff complained. Doc. 7 at 5. In her attached statement to her amended complaint, Plaintiff takes issue with the undersigned's characterization of that environment. She, instead, proposes that the environment was fueled with "RACIAL DISCORD!" Doc. 8-1 at 1.

glare at her and then avoid eye contact once she was discovered. Doc. 8-1 at 1. While she states that Chambers would speak to her in an unprofessional manner, she never provides examples of any statements that were made, much less whether such statements involved her race or her hair. *Id*. She provides no examples of any actions taken by Chambers, or any other employee, that would indicate that she was treated differently than anyone else in the office. Once again, other than Plaintiff's gut feeling that her interactions with Chambers were a result of a white supremacist mindset and that her firing was a result of her race and hair texture, she provides no facts that would lend support to her theory.

Further, Plaintiff includes in her EEOC Charge that her replacement was a "Black female," making it difficult to conceive that Plaintiff has a claim for race discrimination when, in fact, Defendant replaced her with someone in her own protected class. Doc. 8-2 at 2. Plaintiff attempts to explain away the importance of this by stating that Defendant knew, at the time she was terminated, that she intended to file an EEOC complaint, and thus, Defendant hired another black female as a "ploy" to divert attention away "from the reality of what happened to [her]." Doc. 8-1 at 2. She further surmises that Defendant would be an "idiot" to not hire a black individual to replace her since it was placed on notice about her EEOC complaint. *Id*. Claiming to "stand[ ] in the gap to combat a legacy of slavery and Jim Crow[,]" Plaintiff further retorts that "[t]he name of the game for White Supremacy is to trick you into believing that all your issues are something else and it's your fault and THEY had nothing to do with it." *Id*. Regardless of her passionately held beliefs, Plaintiff has not provided any actual factual matter that could support her theory that Defendant is perpetuating a culture of "white supremacy." Pure speculation on the

part of Plaintiff is not enough to satisfy Rule 8, no matter how strongly Plaintiff feels that her conclusion is correct, and her assertions are little more than the-defendant-unlawfully-harmed-me accusations prohibited by *Iqbal*.

For all of the reasons stated above, the undersigned concludes that Plaintiff has failed to state a claim upon which relief could be granted for Title VII race discrimination. Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff has failed to state any claim on which relief may be granted. Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before May 16, 2017**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). Plaintiff is

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 2nd day of May, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE