IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RAINELLE NICOLE SCAVELLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:17-CV-11-WKW |
| | ) | [WO] |
| HELP AT HOME, INC. and DEB CHAMBERS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

On May 2, 2017, the Magistrate Judge filed a Recommendation (Doc. # 10) to which Plaintiff timely objected (Doc. # 11). Upon an independent and *de novo* review of the record and consideration of the Recommendation, Plaintiff's objection is due to be overruled, the Recommendation adopted, and this case dismissed prior to service of process for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] Federal district courts in this state, as well as several of the circuits, have held that § 1915(e)(2)(B) applies to all *in forma pauperis* complaints, not only to those filed by prisoners. *See Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the screening provisions of 28 U.S.C. § 1915(e)(2)(B) apply to non-prisoners); *Atamian v. Burns*, 236 F. App'x 753, 754 (3d Cir. 2007) ("[T]he provisions of § 1915(e) apply to all *in forma pauperis* complaints, not simply those filed by prisoners."); *Robert v. Garrett*, No. 3:07cv625-MHT, 2007 WL 2320064, at *1 (M.D. Ala. Aug. 10, 2007) ("Despite Robert's non-prisoner status, the Court is required to review his complaint pursuant to 28 U.S.C. §§ 1915(a)(1), (e)(2)(B)(i)-(iii), and *sua sponte* dismiss the complaint or any portion thereof which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune."). Although Plaintiff here is not a prisoner, her application to proceed *in forma pauperis* obligates the court to review her complaint prior to service of process in accordance with 28 U.S.C. § 1915.

Ms. Scavella is a black female who for three days in August 2016 worked as a receptionist for Defendant Help at Home, Inc. According to the complaint, Plaintiff was terminated on her third day without any explanation. Based on her superior's "[g]laring, avoiding eye contact and inappropriate tone of voice" during her three days of employment (Doc. # 8-1, at 1), Plaintiff surmises that her termination must have been the result of racial discrimination.

As the Magistrate Judge wrote in his Recommendation, "other than Plaintiff's gut feeling that her interactions with [her superior] were a result of a white supremacist mindset and that her firing was a result of her race and hair texture, she provides no facts that would lend support to her theory." (Doc. # 10, at 6.) Plaintiff's the-defendant-unlawfully-harmed-me accusations are not enough to satisfy the pleading standards of Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a complaint will not suffice if it tenders "naked assertions devoid of further factual enhancement") (citations and quotation marks omitted). And, although Plaintiff filed a document tagged "My Objection," its contents do nothing more than reassert the same bare accusations found in her complaint. (Doc. # 11.)

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 10) is ADOPTED;

2. Plaintiff's objection (Doc. # 11) is OVERRULED; and

3. This case is DISMISSED without prejudice prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because Plaintiff has failed to state any claim on which relief may be granted.

A final judgment will be entered separately.

DONE this 8th day of June, 2017.

                                        /s/ W. Keith Watkins
                                CHIEF UNITED STATES DISTRICT JUDGE